UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD ROGUE,                    :
       Plaintiff,              :
                        :                    PRISONER
    v.                          :   CASE NO. 3:12-cv-653 (JBA)
                        :
STATE OF CONNECTICUT, et al., :
       Defendants.            :

ORDER TO AMEND

The plaintiff, currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, has filed an amended complaint *pro se* under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.  The plaintiff names as defendants the State of Connecticut, Leo Arnone, Dr. O'Halloran, Sup. Michael, M.H.S. Moon, Tarascio, Martin, Fullard, Maldonado, McCrystal, Robinson, Clement, Pat, Bernadina, Pat and Brian.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In his description of the nature of the case, the plaintiff states that he filed this same action in November 2006.[1] None of the defendants from the 2006 action are included as defendants in this case. However, to the extent that the plaintiff is attempting to reassert claims included in the prior action, such claims occurred over five years ago and are time-barred. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that limitations period for filing section 1983 action in Connecticut is three years); *Duprey v. Connecticut Dep't of Motor*

---

[1]The prior action, No. 3:06cv1915(JBA) was dismissed in July 2009. The plaintiff's motions to reopen that case were denied in 2011.

2

*Vehicles*, 191 F.R.D. 329, 341 (D. Conn. 2000) (applying three-year state limitations period to actions under Title II of the ADA). Thus, any claims based on the incidents underlying the plaintiff's 2006 action are dismissed.

The plaintiff purports to include three claims for relief. The first claim is identified as a First Amendment retaliation claim. As supporting facts for this claim, the plaintiff states:

> On June 14, 2010 the plaintiff was readmitted under the care and custody of the Connecticut Department of Correction. While housed at Bridgeport Correctional Center, plaintiff continued to be deprived by the defendants. On October 17, 2011 plaintiff was transferred and housed at Willard-Cybulski Correctional Institution plaintiff still he's being under deprivation by various employees of D.O.C.

This statement is insufficient to state a claim for retaliation. First, the court cannot discern what the plaintiff means when he states that he is being deprived. He does not indicate which defendant were involved, what any defendant did, or of what he was deprived. He has identified no retaliatory act or reason for retaliation. These conclusory statements do not state a cognizable claim for relief.

The second claim is for deliberate indifference to serious medical needs in violation of the Eighth Amendment. As supporting facts, the plaintiff states that on January 17, 2012, he was deprived in violation of the ADA. He does not identify his serious medical need, state which defendants were involved in

3

this claim or state how any defendant was deliberately indifferent to his needs.

The third claim is a Fourteenth Amendment equal protection claim.  In support of this claim the plaintiff alleges the following facts:

> On January 24, 2012 plaintiff was brought to Osborn C.I. for x-rays concerning disabilities and eating services at Willard-Cybulski C.I. dining hall hours, due to his unable physical and mentally disabilities and incapacity enforced to walking around mess hall tables unable to sit with handycapped inmates that walk suffering with cane and crutches similarly situated individuals being denied of services and accommodations due to the diagnosis/treatment being deprived by various employees of Connecticut D.O.C. by reasons of plaintiff's disabilities.

Again, the plaintiff fails to identify his disability, indicate what defendants are involved in this claim and state what each defendant did that violated the plaintiff's rights.

As explained above, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  The plaintiff has not met this standard.

Rather than dismiss his complaint, the court will afford the plaintiff the opportunity to file an amended complaint to clarify his claims.  In the amended complaint, the plaintiff shall clearly state the facts underlying each claim and specify how each defendant was involved in the claim.  For example, in his

ADA claim, the plaintiff shall clearly identify his disability and the program or service in which he was unable to participate; in his deliberate indifference claim, he shall identify his serious medical need and explain how each defendant involved in this claim was deliberately indifferent to that need; and in his retaliation claim, the plaintiff shall identify what action he took that resulted in the retaliation and allege facts showing how each defendant retaliated against him.  In addition, the plaintiff shall provide the full names and current work addresses of each inmate.  Even if the plaintiff clarifies his claims, the court is unable to effect service on a defendant identified only by first name.

**The plaintiff shall file an amended complaint that complies with the directions provided above.**  He shall file the amended complaint by January 22, 2013.  Failure to timely file the amended complaint will result in the dismissal of this action without further notice from the court.

**SO ORDERED** this 18th day of December 2012, at New Haven, Connecticut.

/s/ _____
Janet Bond Arterton
United States District Judge

5